IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JAMES RAYMOND NIBLOCK,** | § | |
| Petitioner | § | |
| | § | |
| V. | § | A-10-CA-539 SS |
| | § | |
| **CLAUDE MAYE, WARDEN,** | § | |
| **FCI BASTROP,** | § | |
| Respondent | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is James Raymond Niblock's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1) and Memorandum in Support of the § 2241 Petition (Clerk's Doc. No. 4).  The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.   GENERAL BACKGROUND**

On April 2, 2003, in the United States District Court for the Eastern District of Virginia, James Raymond Niblock ("Petitioner") plead guilty, pursuant to a plea agreement, to six counts of wire fraud in violation of 18 U.S.C. §§ 1343 & 2.  The District Court sentenced Petitioner to 235 months imprisonment, a three year term of supervised release and ordered Petitioner to pay $9,867,655.00 in restitution.  See Judgment and Commitment Order in 1:02-CR-568-GBL-1 (Clerk's Docket No. 72).  In addition to filing numerous motions to alter or amend the Judgment, Petitioner filed several Motions to Vacate, Set Aside or Correct Sentence with the Sentencing Court. The

District Court denied Petitioner's first § 2255 Motion on the merits which was affirmed by the Court of Appeals. See Clerk's Docket No.128.  On April 2, 1009, the Court of Appeals for the Fourth Circuit denied Petitioner permission to file a successive § 2255 Motion. See Clerk's Docket  No. 184. On July 14, 2010, the District Court dismissed yet another Motion to Vacate by Petitioner. See Clerk's Docket No. 226.  Petitioner, who is currently incarcerated in Bastrop, Texas, has now filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this District which has been referred to the undersigned.

## II. ANALYSIS

Petitioner's Writ alleges that his trial counsel violated his Sixth Amendment right to the effective assistance of counsel by failing to fully advise Petitioner of all of the Government's plea offers.  Because Petitioner is attacking errors that occurred at or prior to his sentencing, his claims are outside the proper scope of a § 2241 petition. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).  In contrast, § 2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452.  This Court lacks jurisdiction to construe the instant petition as a § 2255 petition, however, because the Fourth Circuit has not granted petitioner authorization to file a successive § 2255 petition. See *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (holding that district court lacked jurisdiction to construe a § 2241 petition as a § 2255 motion because petitioner had not received prior authorization from the court of appeals to file a successive § 2255 motion).  In addition, a § 2255 motion must be filed in the court in which the petitioner was convicted and sentenced, which in this case would be the

United States District Court for the Eastern District of Virginia. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a §2255 motion, where prisoner was sentenced in a different district); *Ojo*, 106 F.3d at 683 (noting that only sentencing court has jurisdiction to address § 2255 motion). For these reasons, the Court does not have jurisdiction to construe Petitioner's § 2241 motion as a § 2255 motion.

The Court may nevertheless address Petitioner's claims through the so called "savings clause" provision of § 2255 if Petitioner can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Benson*, 511 F.3d at 487. A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. The Petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); see also *Pack*, 218 F.3d at 452.

Petitioner argues that a motion under § 2255 is not an adequate remedy because he already filed a § 2255 motion, and he cannot meet the requirements of the AEDPA to file a successive § 2255 motion. The Fifth Circuit has rejected this argument, holding that "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does *not* make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (emphasis in original). "A ruling that the section 2255 remedy was inadequate or ineffective, such that a

petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions." *Pack*, 218 F.3d at 453.  Thus, Petitioner has failed to sustain his burden to demonstrate that § 2255 is an "inadequate" or "ineffective" remedy. Accordingly, Petitioner's § 2241 Petition should be dismissed for lack of jurisdiction.

### III.  RECOMMENDATION

The undersigned RECOMMENDS that the District Court DISMISS Petitioner James Raymond Niblock's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1) for lack of jurisdiction.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE